**No. 55635.**—Jones Brothers Co. *v.* United States, petition 6783–R (Boston).

Opinion by CLINE, J. At the trial petitioner's witness testified that entry was made at the invoice price; that he understood at that time that the official price of granite for export from Finland had been raised; that no granite was available at that time at the higher price; that it would have taken 4 to 6 months to obtain granite then ordered at the higher price; and that he was advised by counsel that he might use the invoice price. Counsel for the Government stated that according to a report of an investigation made by the Customs Agency at Boston, petitioner had been entirely cooperative with customs officials with respect to this transaction and had notified them of price changes. On the record presented it was held that there was no intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.

**No. 55636.**—J. E. Bernard & Co., Inc. *v.* United States, petition 6784–R (Chicago).

Opinion by CLINE, J. At the trial petitioner's witness testified that the appraiser advanced the value of the merchandise by 33⅓ percent; that when the first two or three shipments of this type of merchandise arrived, entry was made at the list price, less 33⅓ percent; that the examiner had no information as to the home market value or the discount and asked the witness to get information from the shipper; that after conferences between representatives of the shipper and customs officials, it was agreed that appraisement of the invoices would be withheld until a test case was decided; that thereafter the witness received a notice that the appraiser had advanced the value of the involved entry by 33⅓ percent; and that subsequently all the other entries were amended by adding back the 33⅓ percent, but the involved entry was not amended because it had been appraised. On the record presented it was held that there was no intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.

**No. 55637.**—S. S. Kresge Company *v.* United States, protest 170677–K (New York).

Opinion by EKWALL, J. The collector's letter of transmittal, admitted in evidence, admits that in liquidation the assessment of 10 cents per dozen pieces was inadvertently used, whereas the proper amount should have been 5 cents per dozen pieces, following the trade agreement with Mexico (T. D. 50797). The merchandise was therefore held dutiable at 5 cents per dozen pieces and 25 percent ad valorem under paragraph 211, as amended by T. D. 50797.